JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:11-cv-01271-JHN-SP | Date | September 12, 2011 |
|---|---|---|---|
| Title | Cantor Nikols Holdings LLC v. Alicia S. Johnson et al | | |

| Present: The Honorable | JACQUELINE H. NGUYEN | |
|---|---|---|
| Alicia Mamer | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not present | Not present |

**Proceedings:** ORDER REMANDING CASE TO SAN BERNARDINO SUPERIOR COURT (In Chambers)

On June 22, 2011, Plaintiff Cantor Nikols Holdings, LLC ("Plaintiff") brought a Complaint for unlawful detainer against Defendant Alicia S. Johnson ("Defendant") in state court. On August 10, 2011, Defendant removed the case to federal court. (Docket No. 1.) Having considered the Notice of Removal, the Court finds no federal jurisdiction and hereby REMANDS the case to the San Bernardino Superior Court.

## I. Discussion

Removal to federal court is governed by 28 U.S.C. § 1441, which in relevant part states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants . . . ." 28 U.S.C. § 1441(a). However, the Court may remand a case to state court for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party invoking federal jurisdiction." *U.S. v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008).

Under 28 U.S.C. § 1331, the Court has original jurisdiction over civil actions "arising under" federal law. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1372 (9th Cir. 1987).

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:11-cv-01271-JHN-SP | Date | September 12, 2011 |
|---|---|---|---|
| Title | Cantor Nikols Holdings LLC v. Alicia S. Johnson et al | | |

Here, although Defendant alleges that the claims arise under federal law, Plaintiff's only cause of action is for unlawful detainer in violation of California Code of Civil Procedure § 1161a. (Notice of Removal, Compl. 1.) No federal question is presented on the face of the Complaint. Therefore, no federal question jurisdiction exists.

Pursuant to 28 U.S.C. § 1332, the Court also has original jurisdiction over civil actions where there is complete diversity of citizenship and the amount in controversy exceeds $75,000. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). However, neither the Complaint nor the Notice of Removal alleges the citizenship of the parties. Without an allegation as to citizenship, Defendant cannot meet her burden of establishing diversity. Moreover, although the Notice of Removal claims the amount in controversy exceeds $75,000, the Complaint specifically alleges that the damages have accrued at the daily rental rate of $40.00 per day from June 21, 2011, which amounts to approximately $3,500. Thus, the amount in controversy does not exceed $75,000. For these reasons, no diversity jurisdiction exists.

## II.   Conclusion

Defendant has failed to meet her burden of establishing federal jurisdiction. Accordingly, the Court hereby REMANDS this matter to the San Bernardino Superior Court.

IT IS SO ORDERED.

|  | : | N/A |
|---|---|---|
| Initials of Preparer | JL | |